UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY BARNES, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:22-CV-269-MGG |

OPINION AND ORDER

Timothy Barnes, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (JCU-21-9-32) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing controlled substances in violation of Indiana Department of Correction Offense 202. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Barnes argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he committed the offense of possessing controlled substances.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a sergeant represented that, on a video recording, he saw Barnes put an unknown substance in a blue pen to smoke. ECF 11-1. The sergeant represented that, after smoking, Barnes vomited and appeared to be under the influence of drugs based on the sergeant's eight years of experience. The administrative record contains the referenced video recording, which the court has reviewed and found to be consistent with the conduct report. ECF 15. It further includes a photograph and a field test of the blue pen, indicating the presence of synthetic marijuana. ECF 2. The conduct report, the video recording, and the field test constitute some evidence that Barnes possessed a controlled substance.

Barnes maintains that the administrative record did not include the results indicating that his urine tested negative for drugs and that he did not vomit but instead spilled coffee. But, even accepting these contentions as true, the video recording of Barnes smoking from a pen and the test results indicating the presence of synthetic marijuana on the pen, by themselves, constitute sufficient evidence for a finding of guilt. Therefore, this claim is not a basis for habeas relief.

Barnes argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer was his former work supervisor with whom he had quarreled and that the hearing officer demonstrated bias by imposing harsh sanctions. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th

2

Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* There is no indication that the hearing officer was involved in the underlying incident. Further, a poor work relationship, by itself, is insufficient to demonstrate improper bias. While it is possible that a poor work relationship might be sufficient to demonstrate improper bias, here, Barnes has not provided the detail necessary to overcome the presumption of impartiality. Moreover, though the hearing officer imposed significant sanctions on Barnes, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Barnes argues that he is entitled to habeas relief because the hearing officer violated his right to a written explanation of the decision by failing to indicate that he relied on physical evidence. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564. (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). The hearing officer's explanation is not particularly detailed, but it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. ECF 11-6. Barnes maintains that the

3

hearing officer did not check the box indicating reliance on physical evidence and apparently categorizes the drug tests as physical evidence. The hearing officer may have made a clerical error in not checking that box, but he nevertheless indicated his reliance on the field test in the written portion of the hearing report. As indicated in a video recording, the hearing officer also verbally acknowledged the negative urine test results but discounted it as immaterial to the issue of whether Barnes possessed controlled substances (as opposed to whether he consumed them). ECF 15. Therefore, this claim is not a basis for habeas relief.

Barnes argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Barnes' filings with this court and his administrative appeal demonstrate his literacy, and the charge of possessing controlled substances was not particularly complex. ECF 1; ECF 11-9; ECF 18. Therefore, the argument that he did not receive adequate assistance from a lay advocate is not a basis for habeas relief.

If Barnes wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Timothy Barnes leave to appeal in forma pauperis.

SO ORDERED on September 27, 2022

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge